UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

AUG 1 9 2005

MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § $17,072.63 IN UNITED § STATES CURRENCY, § § Defendant. § | CIVIL ACTION NO. **H · 05-2912** |

**COMPLAINT FOR FORFEITURE IN REM**

The United States of America, Plaintiff, files this action for forfeiture in rem and alleges:

1. This is a civil forfeiture action in rem brought under 18 U.S.C. §§ 981(a)(1)(C) and 984(a) to forfeit personal property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1341 and 1343.

Jurisdiction and Venue

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1391 and 1395.

Defendant Property

3. The Defendant is $17,072.63 in United States currency which was seized from a bank account with the last four digits

of 2015 at JP Morgan Chase Bank in the name of Maria Cimodocia Garza (hereinafter referred to as "Defendant Currency").

4. Defendant Currency is within the jurisdiction of this Court.

## Statutory Basis for Forfeiture

5. Defendant Currency is subject to forfeiture to the United States of America because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341 which makes it a crime to devise or intend to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises by depositing or causing to be deposited any matter or thing whatever to be sent or delivered by the Postal Service or any private or commercial interstate carrier for the purpose of executing such scheme or artifice or attempting to do so.

6. Additionally and in the alternative, Defendant Currency is subject to forfeiture to the United States of America because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 which makes it a crime to devise or intend to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises by

transmitting or causing to be transmitted by means of wire communication in interstate or foreign commerce any writings, signs or signals for the purpose of executing such scheme or artifice.

7. Section 984 of Title 18, United States Code, provides for the forfeiture of Defendant Currency without the necessity of identifying the specific property involved in the offense that is the basis for the forfeiture so long as the forfeiture action is commenced within one year from the date of the offense.

### Factual Basis for Forfeiture

8. On or about May 20, 1994, Maria Cimodocia Garza (hereinafter "Garza") opened a bank account at JP Morgan Chase Bank in Houston, Texas, the last four digits of which are 2015 (hereinafter "Garza Account").

9. There was normal checking account activity in the Garza Account until on or about February 1, 2005, when Garza began depositing checks from individuals in large amounts and withdrawing large sums of cash.

10. The following is a list of unusual checks from individuals in large amounts which were made payable to Garza and deposited into Garza Account:

| Deposit Date | Check Amount | Payor |
|---|---|---|
| 02/01/05 | $ 5,000.00 | Victim No. 1 |
| 02/01/05 | $ 5,000.00 | Victim No. 3 |
| 02/07/05 | $ 5,000.00 | Victim No. 1 |
| 02/16/05 | $ 5,000.00 | Victim No. 3 |
| 02/16/05 | $29,000.00 | Victim No. 2 |

11.  Around this same time, Garza wrote the following checks withdrawing cash from the Garza Account:

| Date | Check No. | Amount |
|---|---|---|
| 02/03/05 | 8894 | $ 5,100.00 |
| 02/04/05 | 8904 | $ 5,100.00 |
| 02/23/05 | 8916 | $20,000.00 |

The balance in Garza Account which the United States of America seized on or about March 18, 2005, was $17,072.63.

12.  Victim No. 1 is a victim of a fraudulent scheme involving Garza. An unidentified male claiming to be from the country of Canada telephoned Victim No. 1 and advised her that she had won the Canadian lottery. The caller told Victim No. 1 that she needed to forward a sum of money to "Maria Garza" in order to release the funds. The caller told Victim No. 1 to mail the sum of money to Garza at 7206 Westbranch Drive, Houston, Texas 77072. Victim No. 1 wrote two (2) checks, each of which were made payable to Garza in the amount of

$5,000.00. Victim No. 1 mailed the checks to Garza at the Houston, Texas, address. Victim No. 1 has not received any monies or anything else purporting to be lottery winnings as had been promised to her.

13. Victim No. 2 is a victim of the fraudulent scheme involving Garza. An individual called Victim No. 2 and advised him that he (Victim No. 2) had won a one million dollars sweepstakes. The caller stated that he was in Canada, and he identified himself as an executive connected to the Bank of America in Canada. The caller told Victim No. 2 that he (Victim No. 2) would need to send $29,000.00 to "Maria Garza" who handled everything for him, so that she could release the monies from the sweepstakes. Victim No. 2 wrote a check made payable to Garza in the amount of $29,000.00. Upon information and belief, Victim No. 2 mailed the check to Garza at 7206 Westbranch Drive, Houston, Texas 77072. Victim No. 2 has not received any monies or anything else purporting to be sweepstakes winnings as had been promised to him.

14. There is no Bank of America branch office in the country of Canada.

15. Victim No. 3 is also believed to be a victim of the fraudulent scheme involving Garza due to the timing and amount of her check payment which was deposited into the Garza

Account. Based on the mailing address appearing on the check from Victim No. 3 which was deposited into the Garza Account, it is believed that the check was sent or delivered to Garza by the Postal Service or a private or commercial interstate carrier.

16. Upon information and belief, the fraudulent scheme in which Garza participated is known as a "prize pitch scam." Victims of the scam such as Victim No. 1, Victim No. 2 and Victim No. 3 received notification by post, phone, or e-mail indicating they had won a prize (monetary or other valued item). However, in order to collect the prize the victims were told that they needed to pay various fees or taxes in advance. The victims either never heard from the organization again or were contacted again solely for the purpose of asking the victims to send more money. None of the victims received the prize that they were promised.

<u>Relief Requested</u>

WHEREFORE, the United States of America respectfully requests judgment of forfeiture to the United States against the Defendant Currency and the award for costs and other and further relief to which the United States of America may be

entitled.

>                   Respectfully submitted,
>                   Chuck Rosenberg
>                   United States Attorney
>
>              By: /s/ Gerald Doyle
>                   Gerald Doyle
>                   Assistant U.S. Attorney
>                   Admission ID No. 1453
>                   910 Travis, Suite 1500
>                   P.O. Box 61129
>                   Houston, Texas  77208
>                   Phone: 713-567-9599
>                   Fax: 713-718-3300

## VERIFICATION

I, Michael T. Blackmon, am a Special Agent of the United States Secret Service. I have read the foregoing Complaint for Forfeiture <u>In Rem</u>. The facts set forth therein are true and correct to the best of my knowledge and belief.

_____
Michael T. Blackmon
Special Agent, United States Secret Service

Sworn to and subscribed before me, the undersigned authority, on this _18TH_ day of _AUGUST_, 2005.

_____
Notary Public in and for the State of Texas

My Commission expires:

11/21/2006



ELEANOR P. SCHWAGER
MY COMMISSION EXPIRES
November 21, 2006